

# Helen F. Dalton and Associates, P.C.
## Attorneys at Law

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
T. 718.263.9591 ✦ F. 718.263.9598

September 27, 2019

**VIA ECF**
The Honorable James L. Cott
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21D
New York, New York 10007

**Re: <u>Yahuith, et al. v. L-Ray LLC, et al.</u>**
**Docket No. 19-CV-1114 (JLC)**

Dear Judge Cott:

We represent the Plaintiff in the above-captioned action and submit this letter on with the consent of Defendants' counsel to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as Exhibit 1, memorializes the agreed upon terms during the parties' settlement conference before Your Honor on August 27, 2019.

The parties believe that the Settlement Agreement represents a fair and reasonable resolution of this matter and, as such, we respectfully request the Court approve and So Order the Settlement Agreement.

Plaintiff brought this action as a former employee of Defendant L-Ray LLC, alleging that she was not paid proper overtime wages when she worked in excess of forty hours per week in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff also alleged that she was not provided proper wage statements and notices in further violation of the NYLL. Though Plaintiff claimed in excess of $100,000.00 in damages, Plaintiff recognized the value of settlement early on in the litigation process and in light of Defendants' potential defenses. Defendants, for their part, wholly denied that Plaintiff was paid improperly and take the position that the time and pay records illustrate that Plaintiff was properly paid for all time worked. After assessing the potential risks of continued litigation, the parties agreed to settle all claims asserted in this action for the amount of $25,000.00, payable in two installments. Plaintiff will recover a total amount of $16,136.67 after attorneys' fees and expenses. In particular, Plaintiff considered the time and pay records provided by Defendants, and the risk of continuing to litigate the claim given Defendants' position that the records illustrated all time was paid properly, including at premium overtime rates.

Plaintiff's counsel respectfully requests $795.00 for identifiable expenses, which includes: the Southern District of New York filing fee ($400.00), the costs of serving the Defendant through their process server, Anke Judicial Services ($385.00), and postage fees ($10.00).

Plaintiff's counsel respectfully requests one-third of the settlement amount less their expenses ($24,205.00), or $8,086.33 in attorneys' fees, as agreed upon in the Plaintiff's retainer agreements with this firm. Therefore the total amount to be paid to Plaintiff's attorneys in this matter is $8,863.33.

Plaintiff's attorneys and their clients have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.,* 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Here, Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the clients. Since one-third is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

This Agreement was negotiated between experienced counsel before Your Honor and has been carefully tailored to be approved in accordance with the guidelines provided in *Cheeks*. The release contained within the Agreement is limited to wage-and-hour claims, and is not a general release.

In closing, we respectfully submit that the terms of the agreement are fair and reasonable, and therefore request that the Court approve the Settlement Agreement.

Respectfully submitted,

James O'Donnell, Esq.