USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/2/2019____

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
PETRA YAHUITH, as an individual and on                         :
behalf of all others similarly situated,                       :
                                                               :                ORDER
                                        Plaintiff,             :
                                                               :           19-CV-1114 (JLC)
            -v-                                                :
                                                               :
L-RAY, LLC, et al,                                             :
                                                               :
                                        Defendants.            :
---------------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 23) and have now submitted a joint letter-motion in support of settlement (Dkt. No. 24) along with their proposed settlement agreement (Dkt. No. 24-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, plaintiff in this case has expressed serious concerns about collectability and has agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement,

which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter-motion in support of settlement as well as the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  Accordingly, the settlement is hereby approved.

Consistent with paragraphs 2, 4, and 8 of the agreement, the Court will retain jurisdiction over the settlement agreement for purposes of its enforcement.  The Clerk is respectfully directed to close Docket Number 24 and mark it as "granted" and to close this case.

**SO ORDERED.**

Dated: October 2, 2019
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge